UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN GRAVES, | No. 2:20-cv-0596-KJM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| ERIC MAGRINI, Sheriff, | |
| Defendant. | |

Plaintiff, who is a county jail inmate, proceeds without counsel in this action brought pursuant to 42 U.S.C. § 1983. On April 13, 2020, the court dismissed plaintiff's complaint on screening for failure to state a claim upon which relief could be granted. ECF No. 6. Plaintiff has now filed an amended complaint (ECF No. 9) which is screened below.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

As before, the current complaint (ECF No. 9) challenges the administrative appeals system at the Shasta County Jail. Specifically, plaintiff is troubled that the Jail's system is electronic, and thus, inmates are not provided any written documentation. Plaintiff claims that

1

this system disadvantages him because it leaves him without exhibits to file in support of his civil rights and/or habeas actions.  Plaintiff again fails to state a claim because there are no constitutional requirements regarding how a grievance system is operated, even if plaintiff believes it to be unfair.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).  Moreover, the allegations do not state a viable First Amendment claim based on denial of access to the courts.  To do so, plaintiff must allege specific facts showing that a defendant actually injured his litigation efforts, in that the he hindered his efforts to bring, or caused him to lose, an actionable claim challenging his criminal sentence or conditions of confinement.  *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002).  Once again, plaintiff's complaint is dismissed for failure to state a claim upon which relief could be granted.  Plaintiff is reminded that in any amended complaint he may not change the nature of this suit by alleging new, unrelated claims.  *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).  Nor may he bring multiple, unrelated claims against more than one defendant.  *Id.*

    Further, any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

    Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint (ECF No. 9) is dismissed with leave to amend within 30 days from the date of service of this order; and

/////
/////
/////
/////

2

2. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: May 19, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE